UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
PERFORMING ARTS CENTER OF SUFFOLK
COUNTY (D/B/A THE GATEWAY);
ANNMARIE ALLAN; JEFF BELLANTE;
SCOT ALLAN; and MICHAEL BAKER,

                 Plaintiffs,

                                      ADOPTION ORDER
     -against-                       20-CV-2531(JS)(AYS)

ACTOR'S EQUITY ASSOCIATION;
EQUITY LEAGUE PENSION TRUST FUND;
EQUITY LEAGUE HEALTH TRUST FUND;
EQUITY LEAGUE 401(K) PLAN;
BOARD OF TRUSTEES OF THE EQUITY
LEAGUE PENSION TRUST FUND;
BOARD OF TRUSTEES OF THE EQUITY
LEAGUE HEALTH TRUST FUND; and the
BOARD OF TRUSTEES OF THE EQUITY
LEAGUE 401(K) PLAN,

                 Defendants.
----------------------------------X
APPEARANCES
For Plaintiffs:    Martin R. West, Esq.
                  Eric C. Weissman, ESQ.
                  ROPERS MAJESKI PC
                  750 Third Avenue, 25th Floor
                  New York, New York  10017

For Defendant     Evan Hudson-Plush, Esq.
Equity:            Olivia R. Singer, Esq.
                  COHEN, WEISS AND SIMON LLP
                  900 Third Avenue, Suite 2100
                  New York, New York  10022

For the Funds     Gillian Costello, Esq.
Defendants:       SPIVAK LIPTON LLP
                  1040 Avenue of the Americas, 20th Floor
                  New York, New York  10018

SEYBERT, District Judge:

INTRODUCTION[1]

This action arises from a dispute that Plaintiff Gateway, a Long Island theater company and employer, and some of its employees, the so-called Individual Plaintiffs, who are members of a union, Equity, have with Equity and Equity's associated Funds – its Pension Fund, Health Fund, and 401(k) Fund -- and the Trustees of those Funds.   In sum, Plaintiffs allege that, despite the long-term conduct of the Defendants "in accepting contributions and salary deferrals and representing that the contributions and salary-deferrals were proper, the [Trustees] decided to suddenly and in unprecedented fashion unjustly and unilaterally terminate the Individual Plaintiffs' benefits from the Funds, in whole or in part."   (Compl. ECF No. 2, ¶ 2.) Moreover, Plaintiffs allege the Trustees have further "unlawfully refused to return both the contributions that Gateway made on behalf of its employees and the Individual Plaintiffs' salary deferrals which were deducted from their paychecks and submitted to the 401(k) Plan," as well as demand that the Individual Plaintiffs pay back more than $212,000.00 in health care costs

---

[1]  The Court assumes the parties' familiarity with the terms of art defined in the Report and Recommendation ("R&R") of Magistrate Judge Anne Y. Shields, which terms of art are adopted by the Court and incorporated herein.   (See R&R, ECF No. 44.)

previously incurred by the Welfare Fund.  (Id. ¶¶ 3-4.)  Plaintiffs seek, inter alia, a declaration that the Individual Plaintiffs are participants in the Funds and an order directing the Trustees to retroactively re-enroll the Individual Plaintiffs and estopping them from denying the Individual Plaintiffs their full benefits from the Funds, as well as collecting from Gateway and/or the Individual Plaintiffs the amounts paid by the Welfare Fund for claims made by the Individual Plaintiffs.  (See Compl., Prayer for Relief.)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Equity moves to dismiss all the claims against it.  (See Equity Dismissal Motion, ECF No. 30.)   The Funds Defendants similarly move pursuant to Rule 12(b)(6) for the partial dismissal of claims against them.[2]  (See Funds Dismissal Motion, ECF No. 31.) Both motions were referred to Magistrate Judge Anne Y. Shields for a report and recommendation.  (See Apr. 8, 2022 Elec. Referral Order.)

Presently before the Court is Magistrate Judge Shields' thorough and well-reasoned Report and Recommendation ("R&R"),

---

[2]   While the Funds Defendants also assert they are moving for dismissal pursuant to Rule 12(b)(1) (see Motion, ECF No. 31; see also Funds Support Memo, ECF No. 31-1, at 1), they do not advance any arguments on that basis.  Nor does the Court find any such basis for dismissal.

familiarity with which the Court assumes.[3]   As to the causes of action brought against Equity, i.e., Plaintiffs' federal claim, the Eighth Cause of Action, and the state law tort and other claims, i.e., the Sixth, Seventh, Ninth, and Eleventh Causes of action:   Magistrate Judge Shields recommends Equity's Dismissal Motion be granted.  (See R&R at 7-20.)  Despite proper notice (see R&R at 36), no party has objected to this portion of the R&R.

As to the causes of action brought against the Funds Defendants, Magistrate Judge Shields recommends the Funds Defendants' motion for partial dismissal be granted in part and denied in part such that:

> (1) the Funds Defendants' motion to dismiss the Second Cause of Action be denied;
> (2) the Funds Defendants' motion to dismiss the Third and Fourth Causes of Action be denied;
> (3) the Funds Defendants' motion to partially dismiss the Fifth Cause of Action, to the extent that the Individual Plaintiffs seek to estop the Funds Defendants from collecting from Gateway be granted;
> (4) the Ninth Cause of Action for fraud alleged by Gateway be dismissed;
> (5) Gateway's Tenth Cause of Action be construed as a request for declaratory relief, not a separate cause of action;
> (6) the Individual Plaintiffs' claim of unjust enrichment [i.e., the Eleventh Cause of Action,] be dismissed as preempted by ERISA; and

---

[3]   The Court notes no party has objected to Magistrate Judge's recitation of either the background facts or procedural history of this case (see R&R at 3-6), which are not clearly erroneous and which are adopted and incorporates herein.

> (7) Gateway's unjust enrichment claim against the Trustees and the 401(k) Fund [*i.e.*, the <u>Eleventh Cause of Action</u>,] be dismissed, but survive as against the Pension and Health Funds.

(R&R at 35 (emphases added).)   The Funds Defendants have timely filed an Objection to the R&R directed only to the Magistrate Judge's recommendation that their Dismissal Motion be denied as to the Second Cause of Action.   (<u>See</u> Obj., ECF No. 45.)

<u>APPLICABLE LAW</u>[4]

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); <u>see</u> <u>also</u> Fed. R. Civ. P. 72(b)(3). Any portion of such a report and recommendation to which a timely objection has been made is reviewed <u>de novo</u>.   <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  "Objections to a report and recommendation must be 'specific and are to address only those portions of the proposed findings to which the party objections.'" <u>Fossil Group Inc. v. Angel Seller, LLC</u>, No. 20-cv-2441, 2021 WL 4520030, at *2 (E.D.N.Y., Oct. 4, 2021) (quoting <u>Phillips v. Reed Grp., Ltd.</u>, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (cleaned up)). General objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a

---

[4]  The Court adopts the legal standards stated by Magistrate Judge Shields in her Report as to which no objections have been raised, are not clearly erroneous, and which are incorporated herein.

rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review." Owusu v. New York State Ins., 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (quotations, alterations and citation omitted); see also Trivedi v. N.Y.S. Unified Court Sys. Office of Court Admin., 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011), aff'd sub nom Seck v. Office of Court Admin., 582 F. App'x 47 (2d Cir. Nov. 6, 2014) ("[W]hen a party makes only conclusory or general objections [] the Court will review the Report strictly for clear error.[] Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." (cleaned up)). Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error. Owusu, 655 F. Supp. 2d at 312-13; see also Bassett v. Elec. Arts, Inc., 93 F. Supp. 3d 95, 100-01 (E.D.N.Y. 2015).

## APPLICATION

Relying upon their original moving papers, the Funds Defendants argue "[t]he Individual Plaintiffs' Second Cause of Action fails to state a claim for breach of fiduciary duty and therefore should be dismissed under Federal Rule of Civil Procedure 12(b)(6)." (Obj. at 2 (citing Funds Support memo, ECF No. 31-1, at 4-8; Funds Reply, ECF No. 43 at 2-5); see also Obj. at 6 (same).) As an initial matter, the Court has reviewed the Funds Defendants'

underlying Dismissal Motion and Support Memo and finds their current Objection largely reiterates the arguments they advanced in support of dismissing the Second Cause of Action.  Hence, the Court reviews the R&R for clear error.  However, the Court finds none.

Indeed, the Funds Defendants gloss over the framework in which the Magistrate Judge analyzed whether the Individual Plaintiffs sufficiently plead the Second Cause of Action alleging a violation of Section 404(a) of ERISA.  Magistrate Judge Shields began her analysis:

> This Circuit has borrowed from securities law to formulate the materiality standard applicable to claims of fiduciary breach under ERISA based on misrepresentations.  Ballone v. Eastman Kodak Co., 109 F.3d 117, 124 (2d Cir.1997).  "[M]isrepresentations are material if they would induce a reasonable person to rely upon them."  Id. at 122.  Determining the materiality of misstatements is a fact-specific inquiry.  Id. at 125.

(R&R at 22 (emphasis added).)  She continued that "[c]ourts have held that fiduciaries have a duty to be honest in any communications that they make to participants in a fiduciary capacity, and 'an affirmative duty to inform when the [fiduciary] knows that silence might be harmful.'"  (Id. (quoting Adams v. Freedom Forge Corp., 204 F.3d 475, 492 (3d Cir. 2000) (bracket added in R&R)) (further citations omitted).)  Through this prism of this law, the Magistrate Judge's finding that the Individual

Plaintiffs plausibly alleged a cause of action based upon the Trustees' breach of their fiduciary duties under Section 404(a) of ERISA was not clearly erroneous.

In any event, at the pleading stage of this action, the Funds Defendants' objection is too myopic. They focus on the Magistrate Judge's citation to certain paragraphs in the R&R. (See R&R at 23 (citing Compl. ¶¶ 31-32, 40, 61, 65).) That is not enough to find clear error, especially since in deciding a motion to dismiss "courts must consider the complaint in its entirety." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). Moreover, as is well-established, the analysis of a complaint is "content specific, requiring the reviewing court to draw on its judicial experience and good sense." Ashcroft v. Iqbal, 556 U.S. 662, 663-64 (2009). That is what Magistrate Judge Shields has done in finding the Individual Plaintiffs' allegations that "the Trustees continuously accepted contributions from Gateway for the Individual Plaintiffs, paid claims for health coverage for the Individual Plaintiffs, and provided the Individual Plaintiffs with benefit statements representing to them that they were Covered Employees over a long span of time," and "that nothing factually changed in the Individual Plaintiffs' employment with Gateway during this time period," are sufficient to plausibly state a claim of breach of fiduciary duty "[a]t this early stage of the litigation." (R&R at 23.)

Further, in finding the Individual Plaintiffs have plausibly alleged a violation of the Trustees' fiduciary duties under ERISA Section 404(a), Magistrate Judge Shields also relied upon the allegations regarding another Gateway employee, Jerry Lapidus, whose membership in Equity and contributions to the Equity Funds were never questions (see generally Compl. ¶¶40-51; see also R&R at 23-24 (citing Compl. ¶¶42, 47, 49-50)), which allegations were included in the Complaint to highlight the alleged wrong suffered by the Individual Plaintiffs. Reliance upon this allegations-juxtaposition is consistent with the Iqbal directive that a claim is plausibly alleged "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678.

***

To the extent not specifically addressed, the Court has considered the Funds Defendants' remaining arguments, but finds them unpersuasive. Rather, finding no clear error in Magistrate Judge Shields' R&R, the Funds Defendants' Objection is OVERRULED in its entirety. Further, hearing no objections to Magistrate Judge Shields' recommendation regarding Equity's Dismissal Motion and finding no clear error in that recommendation, it is adopted.

CONCLUSION

Accordingly, in the absence of clear error, **IT IS HEREBY ORDERED** that:

1. the Funds Defendants' Objection is OVERRULED;

2. the R&R (ECF No. 44) is ADOPTED in its entirety;

3. the Equity Dismissal Motion (ECF No. 30) is GRANTED; and

4. the Funds Defendants Dismissal Motion (ECF No. 31) is GRANTED in part and DENIED in part in accordance with Magistrate Judge Shields' recommendation (see R&R at 35).

**IT IS FURTHER ORDERED** that Plaintiffs are GRANTED leave to amend the Compliant to replead claims not preempted by ERISA nor time barred; they shall have until November 4, 2022 to file their Amended Complaint.

SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  30th  , 2022
        Central Islip, New York